IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PHILIP GEISSE, | |
| DAVID G'SELL, | Case No. ___25-211 C___ |
| ABIGAIL GUTHRIE, | |
| JEFFREY GUTHRIE, | **COMPLAINT IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |
| DA HEE KIM, | |
| NICOLE MARTINS, | |
| RYAN MCQUADE, | |
| ERIN PITTSER, | |
| VINCENZO TADDEO, | |
| MATTHEW K. WETZEL, | |
| and | |
| HANANIAH WISEMAN, | |
| Plaintiffs, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## INTRODUCTION

1. The Fair Labor Standards Act (FLSA) requires that covered employees ordinarily receive their wages on their regular pay dates. *Avalos v. United States*, 54 F.4th 1343, 1349 (Fed. Cir. 2022). The statute thus "authorize[s] the recovery of liquidated damages as compensation for delay in payment of sums due under the Act." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945).

2.  Plaintiffs are air traffic controllers at the Federal Aviation Administration (FAA). They are recognized by the FAA as covered by the FLSA. Yet, on multiple occasions, the FAA has failed to make timely payment of wages owed to them on their regular paydays.

3.  In a prior case, nearly 300 air traffic controllers alleged 16 instances of late wage payments by the FAA. *See Taddeo v. United States*, Case No. 23-399 (Fed Cl. filed Mar. 22, 2023). As to most of those alleged incidents, the FAA conceded that it failed to pay wages to employees on their regularly scheduled pay dates.

4.  In this case, FAA air traffic controllers allege another nine incidents of late payment, some affecting multiple employees.

5.  These delays do *not* relate to a government shutdown—the only circumstance ever found in this circuit to excuse the untimely payment of wages under the FLSA. Rather, the delays result from preventable failures by the agency to fulfill its statutory obligations.

6.  Accordingly, Plaintiffs seek liquidated damages under the FLSA, as well as other relief.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1491, 29 U.S.C. § 216(b), and 5 U.S.C. § 5596.

8.  This Court is the proper venue for this action under 28 U.S.C. § 1491.

## THE PARTIES

9.  Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2105, 5541.

10. Each Plaintiff is or was employed by the FAA as an Air Traffic Control Specialist in the job series 2152, a position recognized by the FAA as non-exempt from the FLSA.

11. Attached to this Complaint as Exhibit A are Plaintiffs signed individual consent forms to be included as parties to this action pursuant to 29 U.S.C. § 216(b).

12. Defendant and its involved agency, the FAA, are a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

13. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

## GENERAL ALLEGATIONS

14. The FAA ordinarily pays employees bi-weekly on Tuesdays. For instance, in 2023, employees received paychecks on January 10 and 24, February 7 and 21, and March 7 and 21.

15. However, on numerous occasions since 2020, the FAA has failed to make timely wage payments to one or more Plaintiffs. Many of these incidents affected groups of Plaintiffs within a region, and at least one incident was nationwide. A number of these incidents are set forth in the operative complaint in *Taddeo v. United States*, Case No. 23-399, ECF No. 62 (Fed. Cl. filed May 2, 2024).

16. However, despite knowing of this pattern of non-compliance, the FAA has not corrected it.

17. In this complaint, Plaintiffs allege that additional employees were affected by the incidents set forth in the *Taddeo* complaint, while also alleging new instances of late payment.

18. We start with the incidents alleged in the *Taddeo* complaint:

19. Incident 6 occurred on November 29, 2022, when the FAA failed to pay employees for their overtime work during the relevant pay period. *See Taddeo v. United States*, Case No. 23-399, ECF No. 62 ¶¶ 20–24 (Fed. Cl. filed May 2, 2024).

20. In addition to the employees identified in *Taddeo*, Plaintiff Jeffrey Guthrie was affected by this incident and seeks damages for the FAA's failure to pay wages in a timely manner.

21. Incident 7 occurred on February 21, 2023, when the FAA failed to pay hundreds or thousands of employees for their overtime work during the relevant pay period. *See Taddeo v. United States*, Case No. 23-399, ECF No. 62 ¶¶ 25–31 (Fed. Cl. filed May 2, 2024).

22. In addition to the employees identified in *Taddeo*, Plaintiff Mattew Wetzel was affected by this incident and seeks damages for the FAA's failure to pay wages in a timely manner.

23. Incident 13 occurred on November 28, 2023, when the FAA failed to pay employees for their overtime work during the relevant pay period. *See Taddeo v. United States*, Case No. 23-399, ECF No. 62 ¶¶ 39–40 (Fed. Cl. filed May 2, 2024).

24. In addition to the employee identified in *Taddeo*, Plaintiff Ryan McQuade was affected by this incident and seeks damages for the FAA's failure to pay wages in a timely manner.

25. Plaintiffs allege the following late payment incidents in addition to those alleged in *Taddeo*.

26. **Incident A.** On December 13, 2022, a regular pay date, the FAA failed to pay Jeffrey Guthrie for his overtime worked during the relevant pay period.

27. **Incident B.** On March 7, 2023, a regular pay date, the FAA failed to pay Jeffrey Guthrie and Abigal Guthrie for their overtime worked during the relevant pay period.

28. **Incident C.** On November 28, 2023, a regular pay date, the FAA failed to pay Jeffrey Guthrie for overtime worked during the relevant pay period.

29. **Incident D.** On June 11, 2024, a regular pay date, the FAA failed to pay Matthew Wetzel for overtime worked during the relevant pay period.

30. **Incident E.** On June 25, 2024, a regular pay date, the FAA failed to pay Vincenzo Taddeo for eight hours of work during pay period 13, including overtime premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $1,300 in this incident.

31. **Incident F.** On August 20, 2024, a regular pay date, the FAA failed to pay Erin Pittser, Philip Geisse, Abigail Guthrie, Jeffrey Guthrie, Nicole Cress Martins, David G'Sell, and Matthew Wetzel for overtime worked during the relevant pay period.

32. **Incident G.** On September 3, 2024, a regular pay date, the FAA failed to pay Vincenzo Taddeo for overtime worked during the relevant pay period. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $1,300 in this incident.

33. **Incident H.** On September 21, 2024, a regular pay date, the FAA failed to pay Hananiah Wiseman for overtime worked during the relevant pay period.

34. **Incident I.** On December 24, 2024, a regular pay date, the FAA failed to pay Vincenzo Taddeo for approximately six hours of overtime worked during the relevant pay period, and failed to pay Da Hee Kim for approximately eight hours of overtime worked during the relevant pay period.

35.     Through the foregoing incidents, Defendant and its officers and agency, the FAA, have willfully violated the FLSA by failing and refusing to provide employees with timely wage payments under the FLSA.

36.     To avoid a mandatory award of liquidated damages, Defendant has the burden to establish that it acted in good faith and with reasonable grounds for its failure to timely pay wages to Plaintiffs. However, no such justification exists, particularly given that the FAA has been on notice of its failure to timely pay wages since at least March 2020, the date of the first incident alleged in *Taddeo*, but continued to violate its obligations numerous times since then.

## COUNT ONE

**(Failure to timely pay wages under the FLSA and the Back Pay Act)**

37.     Plaintiffs incorporate by reference herein the allegations contained in each of the above paragraphs.

38.     Defendant wrongfully and willfully denied Plaintiffs and the Class wages due under the FLSA by failing to pay such wages on the employees' regular pay dates.

39.     Such failures were not due to any government shutdown, but rather due to inexcusable neglect by the FAA.

40.     Plaintiffs and the Class are entitled to liquidated damages to compensate them for the delay in payment.

41.     If Defendant satisfies its burden to show that it acted with reasonable grounds and in good faith, the Court should nevertheless exercise its discretion to award liquidated damages under 29 U.S.C. § 260. The Court should also award interest under the Back Pay Act, 5 U.S.C. § 5596.

42. In addition to liquidated damages, Plaintiffs and the Class are entitled to reasonable attorneys' fees and costs under the FLSA and the Back Pay Act.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs were wrongfully and willfully denied timely payment of wages owed under the FLSA;

b) Award Plaintiffs liquidated damages under the FLSA, as are due and owed to them by Defendant under applicable federal laws and regulations;

c) Award Plaintiffs interest under the Back Pay Act;

d) Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under the FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B);

e) Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

f) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Daniel M. Rosenthal*
Daniel M. Rosenthal
Emily R. Postman
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
erpostman@jamhoff.com

|  |  |
|---|---|
|  | OF COUNSEL: |
|  | Linda Lipsett<br>Bernstein & Lipsett, P.C.<br>1629 K Street NW, Suite 1050<br>Washington, DC 20006<br>(202) 296-1798<br>llipsett@bernstein-lipsett.com |
| Dated: February 4, 2025 | *Attorneys for Plaintiffs* |